Filed 11/18/21  P. v. Ward CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARCUS WARD,<br><br>    Defendant and Appellant. | A162002<br><br>(Alameda County<br>Super. Ct. No.<br>HC170099B2) |

Appellant Marcus Ward was 21 years old when he fatally shot the pimp of an acquaintance while trying to rob him.  Among other things, he was convicted of first-degree murder with a special circumstance for committing the murder while engaged in the commission of a robbery and was sentenced to prison for life without the possibility of parole (LWOP).  (Pen. Code, §§ 187, subd. (a), 190.2, subd. (a)(17)(A).)[1]  Appellant filed a petition for habeas corpus requesting an evidence preservation hearing under *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*) to develop the record in anticipation of a youthful parole offender hearing under section 3051.  The court construed the writ as a motion under

---

[1] Further references are to the Penal Code unless otherwise indicated.

1

section 1203.01 and denied the motion because as an adult offender sentenced to LWOP, appellant was not eligible for a youthful parole hearing.  We affirm.

"In response to a series of decisions addressing Eighth Amendment limits on juvenile sentencing (see, e.g., *Miller v. Alabama* (2012) 567 U.S. 460[]; *Graham v. Florida* (2010) 560 U.S. 48, 75[]), the Legislature enacted section 3051.  (Sen. Bill No. 260 (2013–2014 Reg. Sess.), Stats. 2013, ch. 312, §§ 1, 4; *In re Trejo* (2017) 10 Cal.App.5th 972, 980–981[].)  In its current form, the statute provides an opportunity for release (via youth offender parole hearings) to most persons convicted of crimes committed before the age of 26 in their 15th, 20th, or 25th year of incarceration, depending on the sentence imposed for their ' "[c]ontrolling offense." ' (§ 3051, subds. (a)(2)(B); see *id*., subd. (b)(1)–(4).)." (*People v. Sands* (2021) 70 Cal.App.5th 193, 197–198 (*Sands*).)  Section 3051 carves out an exception for offenders who are over 18 years of age at the time of their offense, who are either sentenced to LWOP or are convicted under the One Strike or Three Strikes laws, and makes such offenders ineligible for a youthful parole hearing.  (§ 3051, subd. (h).)

In *In re Cook* (2019) 7 Cal.5th 439 (*Cook*), the Supreme Court held that an evidence preservation hearing of the type envisioned by *Franklin*, *supra*, 63 Cal.4th at p. 284 was available for offenders who were eligible for youthful parole hearings under section 3051.  (*Cook, supra,* at p. 458–459.)  Appellant does not dispute that as a person sentenced to LWOP who was over 18 when he committed his offense, under section 3051 he is

2

statutorily ineligible for a youthful parole hearing.  But he argues that equal protection principles require us to treat him as eligible for parole consideration.

The equal protection issue was properly raised in a post-judgment motion under section 1203.01, and the trial court properly construed appellant's petition for a writ of habeas corpus as such a motion.  (*Sands*, *supra*, 70 Cal.App.5th at pp. 197–199.) But appellant's equal protection argument fails on its merits.[2]

This Court recently rejected the identical argument in *Sands*, *supra*, 70 Cal.App.5th 193, in which we affirmed an order denying a *Franklin*-type hearing to a defendant sentenced to LWOP for a murder he committed when he was 24 years old. (See also *In re Murray* (2021) 68 Cal.App.5th 456, 462–465 [rev. denied, Nov. 10, 2021].)  We concluded that section 3051 does not violate equal protection by treating adult offenders sentenced to LWOP more harshly than juvenile offenders sentenced to LWOP, because assuming these two groups are similarly situated, an LWOP sentence imposed on a juvenile offender might violate the constitution and the Legislature "could rationally decide to remedy unconstitutional sentences but go no further."  (*Sands*, p. 205.)  Moreover, assuming an adult offender sentenced to LWOP was similarly situated to an adult offender sentenced to a de facto term of life without the possibility of parole, the Legislature could have rationally decided to treat the latter group

---

[2] We deny by separate order on this same date appellant's companion petition for a writ of habeas corpus.  (*In re Marcus Ward* (Nov. 18, 2021, A161841)[nonpub. order].)

less harshly because it believed their crimes were less serious than special circumstance murder.  (*Sands*, at pp. 204–206.)  We reject appellant's arguments for the reasons set forth in *Sands*.[3]

The judgment is affirmed.

---

[3] The California Supreme Court is currently considering whether it violates equal protection to exclude young adults convicted under the One Strike law from youthful offender parole consideration under section 3051 when offenders convicted of first-degree murder without special circumstances are not excluded.  (*People v. Williams* (2020) 47 Cal.App.5th 475, review granted July 22, 2020 (S262229).)

_____

NEEDHAM, J.

We concur.

_____

SIMONS, Acting P. J.

_____

BURNS, J.

*People v. Ward* / A162002